IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,      )
                               )
                    Plaintiff, )
                               )
          v.                   )          Case No. 10-10007-WEB
                               )                   10-60045
MIGUEL ARAGON-CONCHA,          )
                               )
                    Defendant. )

MEMORANDUM AND ORDER

The defendant is before the court for sentencing. A review of the record shows he

entered guilty a plea to re-entry after deportation subsequent to a conviction for an aggravated

felony, in violation of 8 U.S.C. § 1326(a)(1) and (b)(2). The probation office completed a

presentence report. The defendant filed one objection to the report, although the court notes the

objection contains three different arguments in support of a downward departure or variance.

The defendant also filed a sentencing memorandum. The defendant argues in the objections to

the presentence report, and in the sentencing memorandum, that the Sentencing Commission has

proposed an amendment to the guidelines for a departure based on cultural assimilation, and the

court should apply it in this case. Finally, the defendant argues that a variance is warranted to

comply with the directives of § 3553(a). In support of this argument, the defendant argues that

the 16 level adjustment overstates his criminal history. The defendant also argues that a sentence

of 70 months would result in a sentence disparity among other defendants with similar records.

I. Objections

First, the defendant argues that section 5K2.11 warrants a downward departure. 5K2.11

authorizes a departure based on lesser harms.  U.S.S.G. § 5K2.11.  The defendant's argument is

without merit, as the Tenth Circuit has determined that section 5K2.11 does not apply to illegal

reentry cases.  United States v. Hernandez-Baide, 392 F.3d 1153, 2258 (10th Cir. 2004), vacated

on other grounds, 544 U.S. 1015, 125 S.Ct. 1993, 161 L.Ed.2d 851 (2005).

The defendant next argues that section 5K2.12 warrants a downward departure.  5K2.12

authorizes a downward departure if the defendant committed the offense because of serious

coercion, blackmail or duress under circumstances not amounting to a complete defense.

U.S.S.G. § 5K2.12.  "Ordinarily coercion will be sufficiently serious to warrant departure only

when it involves a threat of physical injury, substantial damage to property or similar injury

resulting from the unlawful action of a third party or from a natural emergency."  U.S.S.G. §

5K2.12.  The record contains no evidence that the defendant received a threat of physical injury.

The defendant has only presented evidence of violence in Mexico in general, and violence

against his cousins in Mexico.  The defendant has not shown that he was coerced or under duress

when he returned to the United States.  The court does not find a causal connection between the

violence in Mexico and the defendant returning to the United States.  See United States v.

Gallegos, 129 F.3d 1140, 1145 (10th Cir. 1997).  The defendant has not shown that there were

no other options available to him, but to return to the United States.  The defendant's request for

a departure based on 5K2.12 is denied.

II.  Sentencing memorandum

The defendant argues in his objections to the presentence report, and in the sentencing

memorandum, that the Sentencing Commission has proposed an amendment to the guidelines for

2

a departure based on cultural assimilation, and the court should apply it in this case.[1]  The court

notes that this amendment is only a proposal at this point, and is not part of the guidelines.

Furthermore, the defendant does not qualify for this departure.  In considering if such a departure

is appropriate, the court should consider (1) the age in childhood at which the defendant began

residing continuously in the United States, (2) whether and for how long the defendant attended

school in the United States, (3) the duration of the defendant's continued residence in the United

States, (4) the duration of the defendant's presence outside the United States, (5) the nature and

extent of the defendant's familial and cultural ties inside the United States, and the nature and

extent of such ties outside the United States, (6) the seriousness of the defendant's criminal

history, and (7) whether the defendant engaged in additional criminal activity after illegally

reentering the United States."  Proposed Amendment, U.S.S.G. § 2L1.2, App. Note 8.  A review

of the Defendant's criminal history shows convictions for evading arrests and reckless driving,

terroristic threat, aggravated assault, unauthorized use of a motor vehicle, distribution of cocaine,

and possession with the intent to distribute.  The court notes that the current crime of conviction

is a serious offense, as are the past criminal convictions.  Although the Defendant has resided in

the United States for most of his life, the court does no find that he is assimilated to this culture.

The Defendant's criminal history shows the Defendant's disregard for the local, state, and

---

[1]The proposed amendment to U.S.S.G. § 2L1.2, Application note 8, states: "Departure Based on Cultural Assimilation.  There may be cases in which a downward departure may be appropriate on the basis of cultural assimilation.  Such a departure should be considered only in cases where (A) the defendant formed cultural ties primarily with the Untied States from having resided continuously in the United States from childhood, (B) those cultural ties provided the primary motivation for the defendant's illegal reentry or continued presence in the United States, and (C) such a departure is not likely to increase the risk to the public from further crimes of the defendant.

federal laws of this country. When the court considers the Defendant's ties to this country against the risk to the public, the court finds a departure based on cultural assimilation is not warranted.

Finally, the defendant argues that a variance is warranted to comply with the directives of § 3553(a). In support of this argument, the defendant argues that the 16 level enhancement overstates his criminal history. The defendant also argues that a sentence of 70 months would result in a sentence disparity among other defendants with similar records.

The court finds the 16 level enhancement is correctly applied in this case. The defendant's participation in drug trafficking offenses, and his numerous other criminal offenses support the adjustment. The Defendant's base level offense is 8, a 16 level enhancement is added due to a prior drug trafficking crime, and a 3 level adjustment for acceptance of responsibility is applied. The presentence report correctly establishes the defendant's total offense level at 21. A criminal history of 5 reflects the defendant's criminal history and the seriousness of the conduct in this case.

The court has also considered the factors set forth in 18 U.S.C. § 3553. The court notes that this case is a serious offense, reentry after deportation. By reentering the country, the defendant ignored the court's order that he could not return, as well as the laws of this country. A sentence of 70 months will protect the public from further crimes of the defendant. The court has considered the nature and circumstances of the offense, as well as the criminal history of the defendant. The court finds that a sentence of 70 months will avoid a sentence disparity among other defendants with similar records of drug distribution. The court has considered the advisory guideline range, the guideline recommendations, the request for departure and the request for a

variance, and the policy statements of the Sentencing Commission. The court finds that a sentence of 70 months, which represents the low end of the guideline range, is an appropriate sentence in this case.

The sentence in this case will run concurrent to the sentence imposed on the same date in case 10-60045, revocation of supervised release.

Defendant's objections to the Presentence Report are DENIED. The defendant's Sentencing Memorandum (Doc. 24) is DENIED. The Probation Officer in charge of this case shall see that a copy of this order is appended to any copy of the Presentence Report made available to the Bureau of Prisons.

IT IS SO ORDERED this 1st day of September, 2010, at Wichita, Kansas.


  s/ Wesley E. Brown
Wesley E. Brown
U.S. Senior District Judge